**DUFF v. OSAGE COUNTY et al.**

No. 27598.   June 29, 1937.

Leo J. Williams and Major J. Parmenter, for petitioner.

Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as petitioner and respondent. On the 4th day of February, 1936, petitioner filed a claim with the State Industrial Commission alleging that he sustained an accidental injury on December 21, 1935, while engaged in rolling a large stone from the highway. He was at the time employed as tractor and grader man for Osage county. On the 14th day of October, 1936, the commission denied the award.

Petitioner does not contest the sufficiency of the evidence to sustain the order of the commission. The sole question presented is the constitutionality of the act creating the state insurance fund. It is urged that the act creating the state insurance fund is wholly unconstitutional, and by reason thereof is prejudicial to the rights of the petitioner. It is contended that because the control and management of the state insurance fund is placed with the State Industrial Commission, said commission is therefore prejudiced, and that he has been denied the right to present his claim before a fair and impartial board, and is thereby denied a constitutional right. The particular section of the Constitution that the act contravenes is not mentioned, but we assume that he refers to section 1 of the 14th Amendment of the Constitution of the United States, which is in part as follows:

"Nor shall any state deprive any person of life, liberty or property without due process of law."

And section 7, art. 2, of the Constitution of Oklahoma, which provides:

"No person shall be deprived of life, liberty or property, without due process of law."

Chapter 28 of the Session Laws 1933 creates and establishes a state insurance fund under the control and management of the State Industrial Commission. Section 1 of the act is as follows:

"There is hereby created and established a fund to be known as 'The State Insurance Fund', to be administered by the State Industrial Commission, without liability on the part of the state beyond the amount of said fund, for the purpose of insuring employers against liability for compensation under this act, and for assuring for the persons entitled thereto compensation provided by the Workmen's Compensation Law.

"(a)   The state insurance fund shall be a revolving fund and shall consist of such specific appropriations as the Legislature may from time to time make or set aside for the use of such fund, all premiums received and paid into said fund for compensation insurance issued, all property and securities acquired by and through the use of monies belonging to the fund and all interest earned upon monies belonging to the fund and deposited or invested as herein provided.

"(b)   Said fund shall be applicable to the payment of losses sustained on account of insurance and to the payment of expenses in the manner provided in this act.

"(c)   Said fund shall after a reasonable time, during which it may establish a business, be fairly competitive with other insurance carriers, and it is the intent of the Legislature that said fund shall ultimately become neither more nor less than self-supporting."

Sections 2, 3, and 4 of the same legislative enactment place the complete management of the funds to be created and administered under the supervision and control of the State Industrial Commission. The remaining sections of the act provide the method of issuing policies and regulate the payment of claims from such funds created.

This court has never determined the constitutionality of chapter 28, Session Laws 1933. The Supreme Court of Arizona, in Ison v. Western Vegetable Distributors (Ariz.) 59 P. (2d) 649, considered a similar enactment. The employee was denied a claim, and on appeal to the Supreme Court of Arizona in seeking to re-

verse the order, the proposition is stated as follows:

"The next question, however, and one which is of first impression in this state, is whether or not the petitioner has been denied that due process of law guaranteed him by the Fourteenth Amendment to the Constitution of the United States. Petitioner's position on this point apparently is that the Industrial Commission of Arizona, by reason of the fact that, in addition to its duties of making awards in cases where compensation is asked, it is also charged with the care and custody of the state compensation fund, cannot be, within the meaning of the constitutional provision referred to, that fair and impartial tribunal which every man is entitled to in determining his legal rights."

In holding the act constitutional, the court said:

"The three members of the Industrial Commission are appointed by the Governor, by and with the consent of the Senate, and are removable by him for cause. We must presume he will choose honest, intelligent and competent commissioners, or that, if inadvertently he had been in error in his judgment, that his appointees possess such qualifications, he will exercise his power of removal, for the law assumes public officers will do their duty. Such being the presumption, have such commissioners 'a direct, personal, substantial, pecuniary interest' in reaching a conclusion that claimants are not entitled to compensation? The salaries of the commissioners are neither increased nor diminished by any conclusion they may reach in regard to the payment of compensation. The state compensation fund is not raised by taxation upon the property of citizens in general. It comes from an annual assessment upon the pay rolls of the various employers who are protected by the fund: the rate to be fixed by the commission so that the fund will be self-supporting and no more. Sections 1413 and 1427, Rev. Code 1928. The only interest which any commissioner could, by the wildest flight of imagination, be conceived to have in denying compensation to one entitled by law to receive it, is a desire to satisfy the employing class of the state by keeping the pay roll assessment low. On the other hand, it might well be said there is an equal inducement to satisfy the more numerous employee class by making awards more liberal than the law permits. We think it is plain it cannot be presumed an honest commissioner would be biased by either motive. So far as we can see, a tribunal selected in the manner the law directs the commission to be chosen, will presumably be as impartial in making decisions as any other which could be established."

As stated above, the petitioner does not allege any specific provision of the Constitution that is violated. We, therefore, have assumed those referred to were those dealing with the due process clauses of the Constitution of the United States and the state. The legislative enactments of the state of Arizona and Oklahoma are similar in many respects. Both have in view the administration of a state fund out of which are to be paid claims of injured employees. We are of the opinion that the reasoning of the Supreme Court of Arizona in Ison v. Western Vegetable Distributors, supra, is logical and sound.

In view of what has been said above, we conclude that chapter 28, S. L. 1933, in placing the management and control of the state insurance fund with the State Industrial Commission does not deprive the petitioner of any right either under the Constitution of the United States or the Oklahoma Constitution.

The order of the State Industrial Commission is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.